## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| CHRYSHON HOLLINS, | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE |
| Sheriff VICTOR HILL, KENDRIX BURNS, ANTHONY WASHINGTON, TABATHA GIVENS, and JERVARIOUS HARGROVE, *in their individual capacities*, | NO. 1:23-cv-05890-VMC |
| Defendants. | |

## DEFENDANT KENDRIX BURNS'
## ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, **KENDRIX BURNS** (hereinafter "Burns"), named as a Defendant in the above-styled civil action, and without waiving any affirmative or other defenses, and files this, his Answer to Plaintiff's Complaint (the "Complaint"), and shows this Honorable Court the following:

### FIRST DEFENSE

The Complaint and each and every paragraph therein fails to state a claim against Burns for which relief may be granted.

**SECOND DEFENSE**

As may be shown by evidence, some or all of Hollins' claims against Burns may be barred by the applicable statute of limitations or otherwise time barred.

**THIRD DEFENSE**

The Court lacks subject matter jurisdiction over Hollins' claims against Burns.

**FOURTH DEFENSE**

Burns is entitled to the defense of qualified immunity as to Hollins' claims brought against him pursuant to 42 U.S.C. § 1983.

**FIFTH DEFENSE**

Burns is entitled to official immunity as to all Georgia law claims brought against him in his individual capacity.

**SIXTH DEFENSE**

Some or all of Hollins' complained-of injuries were due to the acts or omissions of third parties.

**SEVENTH DEFENSE**

Some or all of Hollins' complained-of injuries were due to his own acts or omissions.

**EIGHTH DEFENSE**

The Complaint fails to plead facts which could show the requisite level of willfulness, malice, wantonness, et al. required to state a claim for punitive damages against Burns.

**NINTH DEFENSE**

Further responding to the specific allegations of Plaintiff's Complaint, this Defendant shows as follows:

**INTRODUCTION AND SUMMARY OF THE CASE**

1.

The allegations in Paragraph 1 are denied.

2.

In response to Paragraph 2, Burns admits only that he was present at some point of time during which Hollins was placed in a restraint chair. The remaining allegations in Paragraph 2 are denied.

3.

The allegations in Paragraph 3 are denied.

**PARTIES**

4.

Burns is without sufficient information to admit or deny the allegations in Paragraph 4 and therefore all such allegations stand denied.

5.

Burns is without sufficient information to admit or deny the allegations in Paragraph 5 and therefore all such allegations stand denied.

6.

The allegations in Paragraph 6 are admitted.

7.

Burns is without sufficient information to admit or deny the allegations in Paragraph 7 and therefore all such allegations stand denied.

8.

Burns is without sufficient information to admit or deny the allegations in Paragraph 7 and therefore all such allegations stand denied.

9.

Burns is without sufficient information to admit or deny the allegations in Paragraph 9 and therefore all such allegations stand denied.

## JURISDICTION AND VENUE

10.

In response to Paragraph 10, Burns states that the Complaint speaks for itself and denies all imputations of liability contained therein.

11.

The allegations in Paragraph 11 are denied.

12.

The allegations in Paragraph 12 are denied.

13.

The allegations in Paragraph 13 are denied.

14.

The allegations in Paragraph 14 are admitted upon information and belief.

## **ALLEGATIONS**
### ***The Clayton County Jail and the Inmate Restraint Chair Policy***

15.

The allegations in Paragraph 15 are admitted upon information and belief.

16.

The allegations in Paragraph 16 are admitted upon information and belief.

17.

The allegations in Paragraph 17 are admitted upon information and belief.

18.

The allegations in Paragraph 18 are admitted.

19.

Burns is without sufficient information to admit or deny the allegations in Paragraph 19 and denies all imputations of liability contained therein.

20.

Burns is without sufficient information to admit or deny the allegations in Paragraph 20 and denies all imputations of liability contained therein.

21.

Burns is without sufficient information to admit or deny the allegations in Paragraph 21 and denies all imputations of liability contained therein.

22.

Burns admits that he received training, including use-of-force training, that instructed that force may not be used to punish a person in CCSO's custody. Burns is without sufficient information to admit or deny the remaining allegations in Paragraph 22 and denies all imputations of liability contained therein.

23.

In response to Paragraph 23, Burns states that the said Policy speaks for itself, and Burns denies all imputation of liability contained in this Paragraph.

24.

In response to Paragraph 24, Burns states that the said Policy speaks for itself, and Burns denies all imputations of liability contained in this Paragraph.

25.

Burns is without sufficient information to admit or deny the allegations in Paragraph 25 and denies all imputations of liability contained therein.

26.

The allegations in Paragraph 26 are denied.

27.

The allegations in Paragraph 27 are denied.

28.

The allegations in Paragraph 28 are denied.

29.

Burns is without sufficient information to admit or deny the allegations in Paragraph 29 and denies all imputations of liability contained therein.

30.

Burns is without sufficient information to admit or deny the allegations in Paragraph 30 and denies all imputations of liability contained therein.

31.

Burns is without sufficient information to admit or deny the allegations in Paragraph 31 and denies all imputations of liability contained therein.

32.

Burns is without sufficient information to admit or deny the allegations in Paragraph 32 and denies all imputations of liability contained therein.

33.

Burns is without sufficient information to admit or deny the allegations in Paragraph 33 and denies all imputations of liability contained therein.

34.

Burns is without sufficient information to admit or deny the allegations in Paragraph 34 and denies all imputations of liability contained therein.

35.

Burns is without sufficient information to admit or deny the allegations in Paragraph 35 and denies all imputations of liability contained therein.

36.

Burns is without sufficient information to admit or deny the allegations in Paragraph 36 and denies all imputations of liability contained therein.

37.

Burns is without sufficient information to admit or deny the allegations in Paragraph 37 and denies all imputations of liability contained therein.

38.

Burns is without sufficient information to admit or deny the allegations in Paragraph 38 and denies all imputations of liability contained therein.

39.

Burns is without sufficient information to admit or deny the allegations in Paragraph 39 and denies all imputations of liability contained therein.

40.

Burns is without sufficient information to admit or deny the allegations in Paragraph 40 and denies all imputations of liability contained therein.

41.

Burns is without sufficient information to admit or deny the allegations in Paragraph 41 and denies all imputations of liability contained therein.

42.

The allegations in Paragraph 42 are denied.

43.

Burns admits that Washington strapped Chryshon into a restraint chair per Hill's orders. Burns is without sufficient information to admit or deny the remaining allegations in Paragraph 43 and denies all imputations of liability contained therein.

44.

Burns admits that Washington strapped Chryshon into a restraint chair per Hill's orders. Burns is without sufficient information to admit or deny the remaining allegations in Paragraph 44 and denies all imputations of liability contained therein.

45.

Burns admits that he and Washington wheeled Chryshon to the medical unit. The remaining allegations in Paragraph 45 are denied.

46.

Burns is without sufficient information to admit or deny the allegations in Paragraph 46 and denies all imputations of liability contained therein.

47.

Burns is without sufficient information to admit or deny the allegations in Paragraph 47 and denies all imputations of liability contained therein.

48.

The allegations in Paragraph 48 are denied.

49.

Burns is without sufficient information to admit or deny the allegations in Paragraph 49 and denies all imputations of liability contained therein.

50.

Burns is without sufficient information to admit or deny the allegations in Paragraph 50 and denies all imputations of liability contained therein.

51.

Burns is without sufficient information to admit or deny the allegations in Paragraph 51 and denies all imputations of liability contained therein.

52.

Burns is without sufficient information to admit or deny the allegations in Paragraph 52 and denies all imputations of liability contained therein.

53.

Burns is without sufficient information to admit or deny the allegations in Paragraph 53 and denies all imputations of liability contained therein.

54.

Burns is without sufficient information to admit or deny the allegations in Paragraph 54 and denies all imputations of liability contained therein.

55.

Burns is without sufficient information to admit or deny the allegations in Paragraph 55 and denies all imputations of liability contained therein.

56.

Burns is without sufficient information to admit or deny the allegations in Paragraph 56 and denies all imputations of liability contained therein.

57.

Burns is without sufficient information to admit or deny the allegations in Paragraph 57 and denies all imputations of liability contained therein.

58.

Burns is without sufficient information to admit or deny the allegations in Paragraph 58 and denies all imputations of liability contained therein.

59.

Burns is without sufficient information to admit or deny the allegations in Paragraph 59 and denies all imputations of liability contained therein.

60.

Burns is without sufficient information to admit or deny the allegations in Paragraph 60 and denies all imputations of liability contained therein.

61.

Burns is without sufficient information to admit or deny the allegations in Paragraph 61 and denies all imputations of liability contained therein.

62.

Burns is without sufficient information to admit or deny the allegations in Paragraph 62 and denies all imputations of liability contained therein.

63.

Burns is without sufficient information to admit or deny the allegations in Paragraph 63 and denies all imputations of liability contained therein.

### *Chryshon's Injuries*

64.

Burns is without sufficient information to admit or deny the allegations in Paragraph 64 and denies all imputations of liability contained therein.

65.

The allegations in Paragraph 65 are denied.

66.

The allegations in Paragraph 66 are denied.

### *Statute of Limitations*

67.

The allegations in Paragraph 67 are denied.

68.

In response to Paragraph 68, Burns states that the cited statute speaks for itself and denies all imputations of liability contained in this paragraph.

69.

Burns is without sufficient information to admit or deny the allegations in Paragraph 69 and denies all imputations of liability contained therein.

70.

Burns is without sufficient information to admit or deny the allegations in Paragraph 70 and denies all imputations of liability contained therein.

71.

Burns is without sufficient information to admit or deny the allegations in Paragraph 71 and denies all imputations of liability contained therein.

72.

Burns is without sufficient information to admit or deny the allegations in Paragraph 72 and denies all imputations of liability contained therein.

73.

Burns is without sufficient information to admit or deny the allegations in Paragraph 73 and denies all imputations of liability contained therein.

**COUNT I – VIOLATIONS OF 42 U.S.C. § 1983**
**FOURTH AND FOURTEENTH AMENDMENTS – EXCESSIVE FORCE**
***Against All Defendants***

74.

Burns hereby reasserts and incorporates by reference his responses to Paragraphs 1-73 of the Complaint as if fully restated herein.

75.

In response to Paragraph 75, Burns admits upon information and belief only that Hill was acting as Sheriff of Clayton County. Burns is without sufficient information to admit or deny the remaining allegations in Paragraph 75 and denies all imputations of liability contained therein.

76.

In response to Paragraph 76, Burns admits upon information and belief only that he was acting under color of law. Burns is without sufficient information to admit or deny the remaining allegations in Paragraph 76 and denies all imputations of liability therein.

77.

The allegations in Paragraph 77 are admitted upon information and belief.

78.

In response to Paragraph 78, Burns admits upon information and belief only that Chryshon had rights under the Fourth and Fourteenth Amendments. The remaining allegations in Paragraph 78 are denied.

79.

The allegations in Paragraph 79 are denied.

80.

The allegations in Paragraph 80 are denied.

81.

The allegations in Paragraph 81 are denied.

82.

The allegations in Paragraph 82 are denied.

83.

The allegations in Paragraph 83 are denied.

84.

The allegations in Paragraph 84 are denied.

85.

The allegations in Paragraph 85 are denied.

86.

The allegations in Paragraph 86 are denied.

87.

The allegations in Paragraph 87 are denied.

## COUNT II – VIOLATIONS OF 42 U.S.C. § 1983
## FOURTEENTH AMENDMENT – CRUEL AND UNUSUAL PUNISHMENT
### *Against All Defendants*

88.

Burns reasserts and incorporates his responses to Paragraphs 1-87 of the Complaint as if fully restated herein.

89.

Burns admits upon information and belief only that Hill acted as Sheriff of Clayton County. Burns is without sufficient information to admit or deny the allegations in Paragraph 89 and denies all imputations of liability contained therein.

90.

Burns admits only that he was employed at the Clayton County Sheriff's Office. Burns is without sufficient information to admit or deny the allegations in Paragraph 90 and denies all imputations of liability contained therein.

91.

The allegations in Paragraph 91 are admitted upon information and belief.

92.

In response to Paragraph 92, Burns admits only that Chryshon had the listed constitutional rights, but denies the remaining allegations and all imputations of liability contained in this paragraph.

93.

The allegations in Paragraph 93 are denied.

94.

The allegations in Paragraph 94 are denied.

95.

The allegations in Paragraph 95 are denied.

96.

The allegations in Paragraph 96 are denied.

97.

The allegations in Paragraph 97 are denied.

98.

The allegations in Paragraph 98 are denied.

99.

The allegations in Paragraph 99 are denied.

100.

The allegations in Paragraph 100 are denied.

101.

The allegations in Paragraph 101 are denied.

### COUNT II – VIOLATIONS OF 42 U.S.C. § 1983
### FOURTEENTH AMENDMENT – CRUEL AND UNUSUAL PUNISHMENT
### *Against All Defendants*

102.

Burns restates and incorporates by reference his responses to Paragraphs 1-101 of the Complaint as if fully restated herein.

103.

In response to Paragraph 103, Burns admits only that Hill was the Clayton County Sheriff. Burns is without sufficient information to admit or deny the remaining allegations of this paragraph and denies all imputations of liability contained therein.

104.

Burns admits only that he was employed with the Clayton County Sheriff's Office. Burns is without sufficient information to admit or deny the remaining allegations of this paragraph and denies all imputations of liability contained therein.

105.

The allegations in Paragraph 105 are admitted upon information and belief.

106.

In response to Paragraph 106, Burns admits only that Chryshon had constitutional rights under the listed amendments. The remaining allegations and all imputations of liability contained in this paragraph are denied.

107.

The allegations in Paragraph 107 are denied.

108.

The allegations in Paragraph 108 are denied.

109.

The allegations in Paragraph 109 are denied.

110.

The allegations in Paragraph 110 are denied.

111.

The allegations in Paragraph 111 are denied.

## COUNT II – VIOLATIONS OF 42 U.S.C. § 1983
## FOURTEENTH AMENDMENT – CRUEL AND UNUSUAL PUNISHMENT
### *Against All Defendants*

112.

Burns reasserts and incorporates by reference his responses to Paragraphs 1 - 111 of the Complaint as if fully restated herein.

113.

The allegations in Paragraph 113 are admitted upon information and belief.

114.

In response to Paragraph 114, Burns admits only that he was employed at the Clayton County Sheriff's Office. The remaining allegations and all imputations of liability contained in this Paragraph are denied.

115.

The allegations in Paragraph 115 are admitted upon information and belief.

116.

In response to Paragraph 116, Burns admits only that Chryshon had rights under the stated amendment. The remaining allegations and all imputation of liability contained in this paragraph are denied.

117.

The allegations in Paragraph 117 are denied.

118.

The allegations in Paragraph 118 are denied.

119.

The allegations in Paragraph 119 are denied.

120.

The allegations in Paragraph 120 are denied.

121.

The allegations in Paragraph 121 are denied.

122.

The allegations in Paragraph 122 are denied.

## COUNT V – VIOLATIONS OF GEORGIA CONSTITUTION
### *Against All Defendants*

123.

Burns reasserts and incorporates by reference his responses to Paragraphs 1-122 of the Complaint as if fully restated herein.

124.

The allegations in Paragraph 124 are denied.

125.

The allegations in Paragraph 125 are denied.

126.

The allegations in Paragraph 126 are denied.

## COUNT VI – ASSAULT UNDER GEORGIA LAW
### *Against Hill, Washington, and Hargrove*

127.

Burns reasserts and incorporates by reference his responses to Paragraphs 1-126 of the Complaint as if fully restated herein.

128.

The allegations in Paragraph 128 are denied.

129.

The allegations in Paragraph 129 are denied.

130.

The allegations in Paragraph 130 are denied.

131.

The allegations in Paragraph 131 are denied.

132.

The allegations in Paragraph 132 are denied.

## COUNT VII – BATTERY UNDER GEORGIA LAW
### *Against Hill, Washington, and Hargrove*

133.

Burns reasserts and incorporates by reference his responses to Paragraphs 1-132 of the Complaint as if fully restated herein.

134.

The allegations in Paragraph 134 are denied.

135.

The allegations in Paragraph 135 are denied.

136.

The allegations in Paragraph 136 are denied.

137.

The allegations in Paragraph 137 are denied.

138.

The allegations in Paragraph 138 are denied.

## COUNT VIII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER GEORGIA LAW
### *Against Hill, Washington, and Hargrove*

139.

Burns reasserts and incorporates his responses to Paragraphs 1-138 of the Complaint as if fully restated herein.

140.

The allegations in Paragraph 140 are denied.

141.

The allegations in Paragraph 141 are denied.

142.

The allegations in Paragraph 142 are denied.

143.

The allegations in Paragraph 143 are denied.

## COUNT IX – ATTORNEY'S FEES AND EXPENSES OF LITIGATION
### *Against All Defendants*

144.

Burns reasserts and incorporates his responses to Paragraphs 1-143 of the Complaint as if fully restated herein.

145.

The allegations in Paragraph 145 are denied.

146.

The allegations in Paragraph 146 are denied.

## COUNT X – PUNITIVE DAMAGES
### *Against All Defendants*

147.

Burns reasserts and incorporates his responses to Paragraphs 1-146 of the Complaint as if fully restated herein.

148.

The allegations in Paragraph 148 are denied.

149.

The allegations in Paragraph 149 are denied.

150.

The allegations in Paragraph 150 are denied.

Any and all allegations in the Complaint not otherwise admitted are denied.

WHEREFORE, having fully answered, Burns prays that the Complaint be dismissed with prejudice, that Plaintiff take nothing, and that costs be taxed to Plaintiff. In the alternative, Burns demands a trial by a jury of twelve.

Respectfully submitted this 12th day of July, 2024.

**HALL BOOTH SMITH, P.C.**

*/s/ Jacob Stalvey O'Neal*
R. DAVID WARE
Georgia Bar No. 737756
JACOB STALVEY O'NEAL
Georgia Bar No. 877316
MISTY I. EZEJIOFO
Georgia Bar No. 201114

*Attorneys for Defendants Kendrix Burns and Tabatha Givens*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303
Tel:  404-954-5000
Fax:  404-954-5020
Email:  dware@hallboothsmith.com
Email:  joneal@hallboothsmith.com
Email:  mezejiofo@hallboothsmith.com

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| CHRYSHON HOLLINS, <br><br>     Plaintiff, <br><br> v. <br><br> Sheriff VICTOR HILL, KENDRIX BURNS, ANTHONY WASHINGTON, TABATHA GIVENS, and JERVARIOUS HARGROVE, *in their individual capacities*, <br><br>     Defendants. | CIVIL ACTION FILE <br> NO. 1:23-cv-05890-VMC |

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the within and foregoing **DEFENDANT KENDRIX BURNS' ANSWER TO PLAINTIFF'S COMPLAINT** upon all parties to this matter by depositing a true copy of the same in the U.S. Mail, proper postage prepaid, addressed to counsel of records as follows and/or filing said document with the CM/ECF system which will automatically send electronic notification to the following:

James W. Cobb, Esq.
Jarred A. Klorfein, Esq.
Emily C. Snow, Esq.
Caplan Cobb LLC
75 Fourteenth Street, NE, Suite 2700
Atlanta, GA 30309
jcobb@caplancobb.com
jklorfein@caplancobb.com
esnow@caplancobb.com

Respectfully submitted this 12th day of July, 2024.

**HALL BOOTH SMITH, P.C.**

*/s/ Jacob Stalvey O'Neal*
R. DAVID WARE
Georgia Bar No. 737756
JACOB STALVEY O'NEAL
Georgia Bar No. 877316
MISTY I. EZEJIOFO
Georgia Bar No. 201114

*Attorneys for Defendants Kendrix Burns and Tabatha Givens*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303
Tel:  404-954-5000
Fax:  404-954-5020
Email:  dware@hallboothsmith.com
Email:  joneal@hallboothsmith.com
Email:  mezejiofo@hallboothsmith.com